UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JB EXPRESS MART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-CV-037 JD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This action arises out of JB Express Mart's permanent disqualification from participation in the Supplemental Nutrition Assistance Program. In May and June, 2014, investigators from the United States Department of Agriculture were able to use SNAP funds to purchase cash and ineligible items from JB Express Mart, a retail convenience store in Elkhart, Indiana. The exchange of SNAP funds for cash, known as trafficking, presumptively results in permanent disqualification from participation in the SNAP program, even for a first time offense. The Department of Agriculture determined that the trafficking had occurred and that no exception to the mandatory disqualification was present, so it permanently disqualified JB Express Mart from participation in the SNAP programs. JB Express Mart then filed this action seeking judicial review of the agency's final decision. However, it did not respond to the United States' motion for summary judgment, and has thus failed to show that the decision should be overturned. Accordingly, the Court grants the motion for summary judgment.

### I. FACTUAL BACKGROUND

JB Express Mart is a retail convenience store located in Elkhart, Indiana. It was a participant in the Supplemental Nutrition Assistance Program since the store opened in 2005. The SNAP program is administered by the Food and Nutrition Service of the United Stated

Department of Agriculture. The program's objective is to promote the general welfare and safeguard the health and well-being of the Nation's population by raising the levels of nutrition among low-income households. 7 U.S.C. § 2011. It does that by providing qualifying individuals with electronic benefit transfer cards, which operate similar to debit cards, and which can be used at authorized retail stores to purchase eligible food items. Retailers may not accept SNAP benefits as payment for ineligible items, such as non-food items or some prepared hot food items. They are also prohibited from exchanging SNAP benefits for cash.

In May and June, 2014, investigators from the Food and Nutrition Service made three visits to JB Express Mart. On the first visit, on May 28, 2014, the investigator was allowed to purchase ineligible non-food items using SNAP benefits. On the second visit, the investigator was given $10 in cash in exchange for a $20 debit of SNAP benefits. On the third visit, on June 6, 2014, the investigator was given $20 in cash in exchange for a $40 debit of SNAP benefits. On the basis of these three incidents, the Department of Agriculture sent a letter to JB Express Mart on July 23, 2014 notifying it of the violations, the latter two of which are considered trafficking violations. The letter also stated that the trafficking violations would result in permanent disqualification from the program unless JB Express Mart requested and demonstrated that it was eligible for an exception, which required JB Express Mart to demonstrate that it had established and implemented an effective compliance policy and program to prevent violations. JB Express Mart responded by letter, noting that it had not previously had any violations and that it retrained the clerk involved in the first transaction and fired the clerk involved in the latter two transactions. However, the agency found that the violations had occurred and that JB Express Mart had not demonstrated that it was eligible for an exception, so it permanently disqualified JB

Express Mart from participating in the SNAP program. JB Express Mart appealed within the agency, but the agency issued a final decision upholding the permanent disqualification.

JB Express Mart then filed this action seeking judicial review of the agency's action. This Court has subject matter jurisdiction under 7 U.S.C. § 2023(a)(13) and 28 U.S.C. § 1331. Discovery has concluded, and the United States filed a motion for summary judgment. The time for JB Express Mart to respond to that motion has passed without a response, and counsel has indicated to the Court that JB Express Mart does not intend to respond. Therefore, the motion is ripe for ruling.

## II. STANDARD OF REVIEW

On summary judgment, the moving party bears the burden of demonstrating that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *Kerri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006); *King v. Preferred Technical Grp.*, 166 F.3d 887, 890 (7th Cir. 1999). The non-moving party cannot simply rest on the allegations or denials contained in its pleadings, but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000). If a party does not respond to a motion for summary judgment, then the movant's version of the facts can be taken as undisputed. Fed. R. Civ. P. 56(e)(2). Nonetheless, this "does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, the court still

3

must make the finding that "given the undisputed facts, summary judgment is proper as a matter of law." *Id.*

### III.  DISCUSSION

JB Express Mart contests the United States' decision to permanently disqualify it from participation in the SNAP program. In an action for judicial review of such a decision, the Court reviews de novo whether the violations in question actually occurred, and can consider materials outside the administrative record. 7 U.S.C. § 2023(a)(15); *Fells v. United States*, 627 F.3d 1250, 1253 (7th Cir. 2010). The plaintiff bears the burden of proving that no violation occurred. *Id.* If the Court finds that the violation occurred, however, it may set aside the penalty imposed by the agency only if the agency's decision was arbitrary and capricious. *Estremera v. United States*, 442 F.3d 580, 585 (7th Cir. 2006).

Here, the agency found that JB Express Mart committed two violations for trafficking in SNAP benefits. Trafficking is defined to include "buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits . . . for cash or consideration other than eligible food . . . ." 7 C.F.R. § 271.2. On May 29, 2014, an investigator was able to purchase $10 in cash for payment of $20 in SNAP benefits. Likewise, on June 8, 2014, an investigator was able to purchase $20 in cash for payment of $40 in SNAP benefits. Both of those exchanges constitute trafficking. In proceedings before the agency, JB Express Mart did not deny that the incidents actually occurred, and it has produced no evidence in this action suggesting otherwise. Accordingly, the undisputed facts show that JB Express Mart committed two violations by trafficking in SNAP benefits.

The Court therefore considers whether the agency's decision to impose a permanent disqualification for those violations was arbitrary and capricious. Pursuant to 7 U.S.C. § 2021(b)(3)(B), a retailer must be permanently disqualified from participation in the SNAP

program upon even a single violation for trafficking. *See also* 7 C.F.R. § 278.6(e)(1)(i) (stating that the agency "shall . . . [d]isqualify a firm permanently if . . . [p]ersonnel of the firm have trafficked" in SNAP benefits). However, the agency has the discretion to impose a civil monetary fine instead if it "determines that there is substantial evidence that [the retailer] had an effective policy and program in effect to prevent violations . . . ." *Id.*; *see also* 7 C.F.R. § 278.6(i). That policy and program must have been in place "*prior* to the occurrence of violations." 7 C.F.R. § 278.6(i) (emphasis in original). In the proceedings before the agency, JB Express Mart asked not to be permanently disqualified because it fired the employee who was involved in the trafficking after it learned of the violation. However, it did not submit evidence of any policies and programs it had in place to prevent violations, nor has it done so in this action. To the contrary, its owner admitted that it had no such policies or programs. Moreover, its after-the-fact firing of the offending employee does not establish that it had any policy or program in place at the time of the violation, as required. Therefore, the statute and regulations mandated permanent disqualification, so the agency's decision to impose that penalty could not have been arbitrary and capricious. Accordingly, the Court grants the motion for summary judgment.

## IV.  CONCLUSION

The motion for summary judgment [DE 20] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of the United States and to close this case.

SO ORDERED.

ENTERED:  July 12, 2016

                                               /s/ JON E. DEGUILIO
                                               Judge
                                               United States District Court